1

2   cc: order, docket, remand letter

3   to Los Angeles Superior Court,
    BC395573

4

5

6

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  JAMES WASHINGTON,            )  Case No. CV 09-01131 DDP (AGRx)
                                 )
12                 Plaintiff,    )  **ORDER GRANTING MOTION TO REMAND**
                                 )
13      v.                       )  [Motion filed on March 15, 2009]
                                 )
14  UNITED PARCEL SERVICE, INC., )
                                 )
15                 Defendant.    )
    _____)

16

17      This matter comes before the Court on Plaintiff's Motion to

18  Remand this case to state court.  Defendant UPS opposes the Motion.

19  UPS urges the Court to reconsider its October 2008 remand order.

20  UPS argues that the Court's October 2008 remand order issued on the

21  basis of a procedural ruling that exceeded the scope of 28 U.S.C.

22  § 1447(c) because it was issued *sua sponte* and more than thirty

23  days after removal.  As a result, UPS argues, the Order is

24  reviewable under § 1447(d).  After reviewing the materials

25  submitted by the parties, the Court grants the Motion.[1]

26  **I.   BACKGROUND**

27

28  _____

        [1]As the Court previously considered the issues raised in this
    motion in connection with its March 9 remand orders, the Court
    finds this Motion suitable for decision without oral argument.

O

JS - 6

1    Because the parties are well-aware of the procedural history

2  of this case and its brethren, the Court does not review that

3  history in detail here.   The plaintiff is a former class member of

4  Michael Marlo v. United Postal Service, Case No. 03-4336.   Marlo,

5  and this case, allege violations of state wage-and-hour law.   After

6  the Court decertified the Marlo class, Plaintiff filed an

7  individual action in state court.   Defendants removed on the basis

8  of diversity jurisdiction.   In an Order dated October 16, 2008, the

9  Court *sua sponte* remanded the action because it was not satisfied

10 that it had subject matter jurisdiction.   Defendants removed again,

11 and Plaintiff now moves to remand.   On March 9, 2009, the Court

12 granted motions to remand in fifteen related cases under similar

13 circumstances.[2]   See, e.g., Arpon v. United Parcel Service, Inc.,

14 Case No. CV 08-08085-DDP (Rzx), Docket No. 20 (March 9, 2009)

15 ("March Order" or "March 2009 Order").   In its order, the Court

16 noted – as it had during a hearing in the Marlo case – that it

17 believed its *sua sponte* remand order was issued in error because

18 there likely *is* subject matter jurisdiction; however, the Court

19 determined that § 1447(d) precluded reconsideration of its October

20 2008 order and defendants' successive removal was otherwise

21 procedurally improper.   UPS has filed notices of appeal for all of

22 the cases remanded pursuant to the March 9, 2009 Order.

23 **II.   THE COURT ISSUED ITS OCTOBER 2008 ORDER ON JURISDICTIONAL, NOT**

24 **PROCEDURAL, GROUNDS**

25 **A.   Legal Standard**

26

27 _____

28    [2]In each of these cases, the plaintiff and UPS have each been
represented by the same counsel they have retained for this action.

2

Pursuant to 28 U.S.C. § 1447(c), a district court may remand an action in two circumstances: (1) where there are procedural defects in removal (only on a motion filed within thirty days of removal) or (2) where the court finds that it lacks subject matter jurisdiction (either by motion or *sua sponte*).  Section 1447(d) bars review of a remand order issued pursuant to § 1447(c) "on appeal or otherwise," a phrase which has been interpreted to include a bar on reconsideration of the order by the issuing court.  *See* Seedman v. U.S. Dist. Court for the C.D. Cal., 837 F.2d 413, 414-15 (9th Cir. 1987) (per curiam).  Section 1447(d) does *not* bar review of all remand orders, however.  The Ninth Circuit has explained that "section 1447(d) must be read together with section 1447(c)."  Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1191 (9th Cir. 2003).  Accordingly, with respect to *sua sponte* remand orders,

> if the district court lacked authority to remand under section 1447(c), section 1447(d) would not preclude review.  If, on the other hand, the district court had the power to remand *sua sponte* under section 1447(c), section 1447(d) would apply, and [the appellate court] would have no jurisdiction to review even if the remand was erroneous.

Id.  Because district courts may not remand *sua sponte* on procedural grounds, *see* id. at 1193, such orders are outside the scope of § 1447(c), and § 1447(d) does not bar review of them, id.[3]

**B.   The October 2008 Remand Order**

---

[3]In the Court's March Order, the Court recognized these principles.  *See* March Order at 9 n.3.  It did not dwell on them, however, because its October 2008 order found a lack of subject matter jurisdiction.

1     The Court did not issue its October 2008 order on procedural
2  grounds; rather, it appeared to the Court that the amount in
3  controversy requirement was not satisfied for these state law
4  claims, and the Court therefore remanded for lack of subject matter
5  jurisdiction.  The Court's October 2008 order discussed whether UPS
6  had met its burden to show jurisdiction, and found that it had not.
7  That is, the Court was not satisfied based on the evidence that it
8  had jurisdiction.  As the Court recognized in its March 2009 Order,
9  by holding that UPS had not satisfied its burden to establish
10 jurisdiction, the Court did not consider certain procedural
11 requirements, such as what triggers the thirty-day window for
12 removal, that might be distinct from jurisdiction but impact a
13 defendant's showing as to jurisdiction.  The Court did not account
14 for procedural issues because the Court's order considered *only*
15 jurisdiction (and remanded on jurisdictional grounds), *instead of*
16 taking into account procedural posture, as would have been more
17 appropriate in hindsight.[4]

18    The Court has repeatedly indicated that its October 2008 order
19 concerned *jurisdiction*, not the procedural requirements on removal.
20 See October 2008 Order at 2-3 (discussing whether subject matter
21 jurisdiction requirement was met); March 2009 Order at 4-5 (quoting

22 ────────────

23    [4]UPS suggests that the Court's March 2009 Order makes clear
   that the October 2008 Order was based on "procedural
24 insufficiency."  Opp. at 8-9.  UPS characterizes the March 2009
   Order as "repeatedly acknolwedg[ing]" that the Court never reached
25 a conclusion that it lacked jurisdiction.  The March 2009 Order did
   no such thing.  Rather, the quoted sections simply recognized what
26 the Court considers to be error in its earlier approach – although
   the October Order *only* addressed jurisdiction, the Court's March
27 Order posited that it should have taken two steps.  The Court did
   not consider whether the Notice of Removal was procedurally
28 adequate, but rather whether the defendant had met its substantive
   burden.

4

1    October 2008 Order); <u>id.</u> at 11 (characterizing the October remand

2    order as "consider[ing] whether the defendant had met its burden to

3    show that there was jurisdiction"); <u>id.</u> at 14 (October 2008 order

4    considered only whether the court was satisfied that there was

5    jurisdiction); Def.'s Request for Judicial Notice ("RJN")

6    (Transcript of February 23, 2009 Hearing) at 7:9-15 ("I should

7    issue – if I have doubts about jurisdiction, which is different

8    from [the] removability issue – [an] order to show cause or afford

9    the removing parties some other due process once they've satisfied

10   the removability threshold.  I didn't do that.  I do it most of the

11   time, but *I sort of looked at it – this case; looked at the volume*

12   *and thought, well, you know, it's just not there.*" (emphasis

13   added)).  While the Court's order did not explicitly find that

14   there was no jurisdiction, such a finding must be implied from its

15   discussion in that order, and elsewhere.  If the defendant has the

16   burden to prove that the court has jurisdiction, and the court

17   finds that the defendant has not met this burden, the only logical

18   implication from that finding is that the court has found a lack of

19   jurisdiction.  It cannot be the case that any time the defendant

20   does not meet its burden to show jurisdiction, the decision is

21   "procedural."  Such a holding would blur the line between

22   substantive and procedural rulings, and would make nearly every *sua*

23   *sponte* decision exempt from § 1447(d).[5]  That the Court considers

24   _____

25       [5]In <u>Ellenberg v. Spartan Motors Chassis, Inc.</u>, 519 F.3d 192
     (4th Cir. 2008), discussed immediately below, the Fourth Circuit
26   emphasized the dangers inherent in *sua sponte* remand.  <u>See</u>
     <u>Ellenberg</u>, 519 F.3d at 199 ("'By acting without any motion,
27   district judges increase the error – both legal error and error in
     understanding the parties' desires.'" (quoting <u>In re Cont'l Cas.</u>
28   <u>Co.</u>, 29 F.3d 292, 294-95 (7th Cir. 1994))).  In its March 2009
                                                           (continued...)

1  its October approach to have been unwise does not change the basis

2  for the October 2008 Order – and whether the order can be reviewed

3  turns on the *basis* for *sua sponte* remand.

4      In support of its argument that the Court's October 2008 order

5  was procedural in nature, UPS cites to the Fourth Circuit's

6  decision in <u>Ellenburg v. Spartan Motors Chassis, Inc.</u>, 519 F.3d 192

7  (4th Cir. 2008).  In <u>Ellenburg</u>, the Fourth Circuit considered

8  whether a *sua sponte* remand order by the district court was within

9  the scope of § 1447(c).  The district court had stated that the

10  case was before it "for a determination as to whether it ha[d]

11  subject matter jurisdiction over the matter," and ruled that the

12  defendants' allegations of diversity jurisdiction were inadequate

13  and that their Notice of Removal failed to establish that the

14  amount in controversy exceeds the jurisdictional amount.  519 F.3d

15  at 197.  The district court stated that the removing party had not

16  presented a sufficient factual basis for the court to make an

17  informed decision as to the amount in controversy, and therefore

18  remanded the case.  <u>Id.</u>  The Fourth Circuit found that the district

19  court "never reached the conclusion that it lacked subject matter

20  jurisdiction," but only that the Notice of Removal did not provide

21  a sufficient factual basis to permit the Court to determine

22  jurisdiction.  <u>Id.</u>  The Fourth Circuit looked both to the district

23  court's remand order and its order denying the defendants' motion

24  for reconsideration.  <u>Id.</u>  On the basis of those orders, the Fourth

25  Circuit characterized the district court's ruling as a procedural

27      [5](...continued)

28  order, as well as in court, the Court expressed a similar
sentiment.  <u>See</u> Def.'s RJN, Ex. A at 7:25-8:5, 9:8-11.

1   one that, as a *sua sponte* decision, was decided outside the scope

2   of the district court's authority under § 1447(c).  Section 1447(d)

3   therefore did not bar review of the order.

4         The Court declines to follow Ellenberg's result here.  The

5   Court recognizes some parallel between the district court's actions

6   in that case and the Court's October 2008 order here.  Here, as

7   there, the Court did not clearly state that it found no

8   jurisdiction; here, as there, the Court had before it limited

9   information.  In this case, however, the Court's discussion betrays

10  that the Court was considering whether the defendant had met its

11  burden of establishing that the amount in controversy meets the

12  statutory threshold.  The Court concluded that the defendant had

13  not submitted evidence sufficient to meet this burden, and

14  therefore impliedly found that there was no jurisdiction.  As the

15  Court recognized in its March 2009 Order, the October 2008 order

16  did not consider issues surrounding removability.  The October 2008

17  Order did not indicate that the Court had insufficient information

18  to make its ruling, but ruled anyway.  Rather, as the Court

19  explained in the February 23, 2009 hearing on several motions in

20  the Marlo case, when the Court questions whether there is

21  jurisdiction, it normally issues an order to show cause, but in

22  this case, the Court "looked at it – this case; looked at the

23  volume and thought, well, you know, it's just not there."  Def.'s

24  RJN, Ex. A at 7:9-15.  To the extent Ellenberg can be read to hold

25  that a ruling that the defendant has not met its burden to prove

26  jurisdiction is *procedural*, the Court finds such a holding

27  unpersuasive because it blurs the line between a substantive

28  decision and a procedural one: if the defendant has met its burden

1   to prove there is jurisdiction, the court has jurisdiction; if the

2   defendant has not met this burden, it does not.

3        In sum, § 1447(c) authorizes *sua sponte* remand (and, indeed,

4   *requires* remand) when a court finds that it does not have subject

5   matter jurisdiction.  The removing defendant has the burden to show

6   that the Court has subject matter jurisdiction.  By ruling that UPS

7   had not met that burden, the Court found that it did not have

8   subject matter jurisdiction.  On informal reconsideration, the

9   Court views that October 2008 ruling to have been issued in error:

10  although the Court's ruling was based solely on jurisdictional

11  grounds, the better approach would have been to have distinguished

12  between removability and jurisdiction.  Because of the constraints

13  imposed by § 1447(d), however, the Court cannot review its prior

14  decision.

15  **III. REMAND IS APPROPRIATE**

16       For the reasons stated in the Court's March 9, 2009 Order, the

17  Court finds remand appropriate here.  For the sake of completeness,

18  the Court briefly states those reasons below.

19       The August 8, 2008 letter triggered the § 1446(b) removal

20  period.  UPS had indicated in its letter to Plaintiff's counsel

21  that it read the Complaint to seek more than the jurisdictional

22  minimum.  After Defendant requested confirmation as to the amount

23  in controversy from Plaintiff and received that confirmation from

24  Plaintiff's Counsel on August 8, 2008, the basis for removal –

25  diversity jurisdiction – was apparent and the thirty-day removal

26  window therefore triggered.  See Babasa v. Lenscrafters, Inc., 498

27  F.3d 972, 975 (9th Cir. 2007) (settlement letter between counsel

28  that discussed an amount over the jurisdictional minimum was

1  sufficient to put defendant on notice that diversity jurisdiction
2  could be a basis for federal jurisdiction); Cohn v. Petsmart, Inc.,
3  281 F.3d 837, 840 (9th Cir. 2002) (letter stating specific value of
4  property at issue is relevant to the amount in controversy); see
5  also Wilson v. Belin, 20 F.3d 644, 651 n.8 (5th Cir. 1994) (letter
6  from the plaintiff's counsel stating that amount in controversy
7  over jurisdictional requirement, removal proper).  This letter was
8  exchanged in reference to this action, as UPS specifically sought
9  information as to this Plaintiff.  See Kocaj v. Chrysler Corp., 794
10 F. Supp. 234, 236-37 (E.D. Mich. 1972).  As of the full exchange
11 between Plaintiff and Defendant, Defendant had ascertained that the
12 case was removable because there was diversity of citizenship and
13 the plaintiff sought over $75,000.  It was no longer a case where
14 there was merely a "clue" as to jurisdiction- notice of
15 removability had been given.

16     Although Defendant received additional specific information
17 once the case was remanded to the state court, that additional
18 information did not trigger a second thirty-day removal period
19 based on the same grounds.  It cannot be the case that each time a
20 defendant receives more specific details about a known basis for
21 federal jurisdiction a new removal period begins.  Such a rule
22 would make meaningless § 1446(b)'s requirement that a notice of
23 removal be filed within thirty days after the defendant receives a
24 paper "from which it may *first* be ascertained that the case is one
25 which is or has become removable," 28 U.S.C. § 1446(b) (emphasis
26 added), and undermine the policies on which Harris rests, i.e.,
27 "minimiz[ing] the potential for a cottage industry of removal
28 litigation."  Harris, 425 F.3d at 698.  This would be a different

1   case if the only question was whether the Case Management Statement

2   provided the grounds for a successive removal or if the new basis

3   for removal was federal question jurisdiction.

4   **IV.   CONCLUSION**

5        For the foregoing reasons, the Court grants the Motion to

6   Remand.

7   IT IS SO ORDERED.

8

9   Dated: June 1, 2009

10                                      DEAN D. PREGERSON
                                        UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28